# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00798-CR

**Jacquelyn Marie Aguillon, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NO. 70042, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Appellant Jacquelyn Marie Aguillon[1] appeals her conviction for credit card abuse. *See* Tex. Penal Code § 32.31. The brief on appellant's behalf has not been received and is overdue. In response to this Court's notice that the brief is overdue, appellant's court-appointed attorney, Duane Graeff, indicated that he was only appointed to represent appellant at trial. He further expressed his intent to file a letter of non-representation.

However, we make the following observations. First, appellant's notice of appeal, contained in a document entitled *Motion for Resentencing and Notice of Appeal Subject to Motion for Resentencing*, was signed by Mr. Graeff. *See* Tex. R. App. P. 6.1(a) ("Unless another attorney

---

[1] It is unclear from the record whether appellant's first name is spelled "Jacquelyn" or "Jacqueline" as it appears both ways throughout the record. We spell her name as it appears on the trial court's judgment of conviction.

is designated, lead counsel for an appellant is the attorney whose signature first appears on the notice of appeal."). Second, no order releasing Mr. Graeff as appellant's attorney appears in the record.[2] *See* Tex. Code Crim. Proc. art. 26.04(j)(2) (providing that attorney appointed to represent indigent defendant shall represent defendant until appeals are exhausted or attorney is permitted or ordered by trial court to withdraw as counsel for defendant). Finally, as appointed counsel for an indigent criminal defendant, Mr. Graeff is not permitted to file a nonrepresentation notice. *See* Tex. R. App. P. 6.4(b) ("In a criminal case, an attorney appointed by the trial court to represent an indigent party cannot file a nonrepresentation notice."). Contrary to his claim, Mr. Graeff does, at this time, represent appellant in this appeal.

However, Mr. Graeff has informed this Court that he is not on the indigent appointment list for appeals because he does not represent criminal defendants on appeal. This Court does not have authority to appoint counsel to represent indigent defendants on appeal. Accordingly, this appeal is abated and remanded to the trial court. The trial court is ordered to promptly appoint substitute counsel to represent appellant in this appeal. A copy of the court's order appointing substitute counsel and the court's order releasing Mr. Graeff as appellant's attorney shall be forwarded to this Court no later than July 30, 2014.

It is so ordered on this the 15th day of July, 2014.

---

[2] The district court clerk confirmed to this Court that Mr. Graeff never withdrew as attorney of record and that there is no order allowing him to withdraw.

Before Chief Justice Jones, Justices Rose and Goodwin

Abated and Remanded

Filed: July 15, 2014

Do Not Publish